## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SHAROL CAIN**,

      Plaintiff,

      v.                                      **CIV NO. 02-1617 DJS/LCS**

**UNIVERSAL UNDERWRITERS INSURANCE CO.**,

      Defendant.

### MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before this Court on Defendant's Motion to Dismiss for Lack of Standing filed May 14, 2003 (Docket No. 14). Briefing was completed on that motion as of June 16, 2003, with the filing of the Notice of Completion of Briefing (Docket No. 26). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

      **FACTUAL BACKGROUND**

      The instant action is a civil action originally filed in New Mexico District Court and removed to Federal Court by Defendants on the basis of diversity. Plaintiff seeks a declaratory judgment regarding an insurance policy provided by Defendant Universal Underwriters Insurance Company (UUIC) to Sunshine Buick of Albuquerque, New Mexico. Plaintiff was injured in an automobile accident which occurred between vehicles driven by herself and Julian Marquez. Marquez was an

employee of Sunshine Buick GMC and the car he was driving was owned by that entity. Marquez was not driving the vehicle as an employee, but rather was taking a test drive as a customer. Marquez had in force a motor vehicle liability policy on vehicles owned by him, with liability limits of $25,000. Plaintiff filed suit against Marquez in New Mexico District Court, alleging bodily injury resulting from his negligence in causing the accident. Plaintiff now seeks a declaratory judgment that Defendant is liable under its policy with Sunshine Buick GMC to the limits of that policy, which are $1,000,000, and that Defendant's coverage of the incident between herself and Marquez is primary before Marquez' policy.

**DISCUSSION**

In passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court...[is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (citing Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993) (in reviewing an order granting a motion to dismiss, a court of appeals "confin[es] [its] review to the allegations of the complaint")).

As a Federal Court sitting in diversity, this Court must apply the substantive law of the forum state. Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir.1994); see also Wood v. Eli Lilly & Co., 38 F.3d 510, 512 (10th Cir.1994)). Defendant contends that under New Mexico law Plaintiff lacks standing to seek a declaratory judgment against it. Defendant asserts that Plaintiff's personal injury complaint against Marquez is still pending and that no judgment has been entered as to Marquez' liability or Plaintiff's damages. Because Plaintiff is a third-party claimant with no privity of contract

2

with Defendant, Defendant contends that she lacks standing to seek a declaratory judgment on its policy with Sunshine Buick GMC, relying upon Rhodes v. Lucero, 444 P.2d 588 (N.M. 1968). In Rhodes, the New Mexico Supreme Court held that a plaintiff who held no judgment against a defendant insurance holder had no standing to seek a declaratory judgment against an insurance company while the question of liability against the insurance holder remained unresolved. Rhodes, 44 P.2d at 588-589.

Plaintiff argues that the issue of her standing to bring this action is determined under federal law, rather than New Mexico law and contends that she has standing under the appropriate federal standard. "Standing is a concept utilized to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court". BLACK'S LAW DICTIONARY 1260 (5th ed. 1979). To have standing, a plaintiff must have suffered an actual injury--"'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.' " Keyes v. School Dist. No. 1, 119 F.3d 1437, 1445 (10th Cir.1997) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). The determination of Plaintiff's injury is a matter of state law, which has clearly held that a person in her situation lacks standing to seek a declaratory judgment where the question of liability remains unresolved.

In the unpublished disposition of Jepsen v. Texaco, Inc., 68 F.3d 483, 1995 WL 607630 (10th Cir. Oct. 16, 1995), the Tenth Circuit Court of Appeals discussed the appropriate action for a federal court sitting on a diversity case which had been removed from state court once it had determined that the plaintiff lacked standing. The panel wrote:

> Section 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. 1447(c). Lack of standing divests the court of subject matter jurisdiction, and therefore, upon determining that Mr. Jepsen lacked standing to bring his suit, the court should have remanded

3

the matter to state court pursuant to 1447(c). See Powder River Basin Resource Council v. Babbitt, 54 F.3d 1477, 1485 (10th Cir. 1995) ("Standing is a limitation on a court's jurisdiction."); Smith v. Wisconsin Dept. of Agric., Trade & Consumer Protection, 23 F.3d 1134, 1142 (7th Cir. 1994) (holding standing a jurisdictional prerequisite); Wheeler v. Travelers Ins. Co., 22 F.3d 534, 537 (3d Cir.1994)(holding that "if a district court finds that a plaintiff in a removed case does not have standing, it will remand the case to state court"); Abortion Rights Mobilization Inc. v. Baker (In re United States Catholic Conference), 885 F.2d 1020, 1023 (2d Cir.1989)(holding lack of standing to bring a suit divests the district court of jurisdiction), cert. denied, 495 U.S. 918 (1990); Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Servs., 876 F.2d 1051, 1053 (1st Cir.1989)(holding that determination of no standing is a determination of no subject matter jurisdiction requiring remand).

Although Jepsen lacks precedential value because it is an unpublished disposition, the weight of authority collected there show that this Court must remand this case to the New Mexico courts because it lacks jurisdiction over the matter due to Plaintiff's lack of standing. The authority compiled in Jepsen, 1995 WL 607630 at 2, mandates such a result even though Plaintiff lacks standing to proceed in state court as well, for as noted by the Tenth Circuit Court of Appeals

> "the Supreme Court has rejected this argument, declining to find a futility exception to the mandatory language of 1447(c). See International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87-88 (1991); see also Maine Ass'n of Interdependent Neighborhoods, 876 F.2d at 1054 (the language of 1447(c) gives no discretion to the district court to remand where subject matter jurisdiction is lacking)."

Consequently, this matter must be remanded to state court.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is granted in part and this matter is hereby remanded to the Second Judicial District Court, Bernalillo County, of New Mexico.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**